Laubie, J.
This proceeding in error is brought to reverse a judgment of the court below, in an action wherein the. defendant in error, Mary A. B. Woods, was plaintiff, and the Railroad Company was defendant. The action was brought by her to recover for injuries received in stepping off of the passenger train of the defendant company, at Bellevue station in this state, and was tried before Judge Howland and a jury, and resulted in a verdict and judgment in her favor.
She was on her way to Chicago as a jiassenger upon the road of the company from Erie, Pennsylvania, but the train did not proceed to Chicago upon that day. It regularly stopped overnight at Eostoria, Ohio, a station just beyond Bellevue, but passengers were permitted to stop over at Fostoria or Bellevue, on their way to Chicago. She chose to *323 stop at Bellevue, and she alleged she was injured in alighting from the train by reason of certain negligent acts of the' defendant’s servants in charge of the train, especially in not-giving notice of the arrival of the train at that station, in not holding the train long enough for her to get off, and suddenly starting the train as she was stepping off, without notice to her that it was about to start, whereby she was thrown down and struck by one of the cars, without fault on her part. All of this was denied by the defendant, and it alleged that she, the plaintiff, was injured solely from her own want of ordinary care.
The only assigned errors that require notice are to the charge of the court, and the first is as to the burden of proof of contributory negligence. That part of the charge is as follows: “The burden is upon the defendant to prove that the plaintiff failed to exercise ordinary care, which contributed to the accident and injury as the proximate cause thereof, under this issue, and that burden remains upon the defendants to so prove that the defendant has failed to exercise ordinary care, unless the plaintiff’s evidence has raised a presumption that she was not in the exercise of due and ordinary care, in anything that she did, or omitted to do; and if her evidence did raise such a presumption, then the burden would be upon the plaintiff to remove and overcome that presumption, before she will be entitled to a finding in her favor upon that issue, or a verdict in this case. Upon that question you would have a right to look to and consider all of the evidence in this case, whether introduced by the plaintiff or the defendant, or was called out in chief or cross-examination, and if no presumption is raised by the plaintiff’s evidence, or if one has been raised thereby, and overcome and removed by the evidence in the case, then and in that event the burden would still be on the defendant to prove by a preponderance of all the evidence in this case, its defense, that the plaintiff failed to exercise ordinary care in what she did or omitted to do, at or before the injury complained of, and that her failure to exercise ordin *324 ary care contributed to the accident and injury, as the proximate cause thereof; and if the defendant has failed to prove its defense of contributory negligence by a preponderance of. all of the evidence in this case, which you find has any bearing thereon,then yourfinding upon thatissue should beagainst, the defendant, and in favor of the plaintiff; but if it has been . so proven that the plaintiff'did fail to use ordinary care as stated, then your verdict should be for the defendant.”
If the court had given only the firs.t paragraph of this instruction, there could be no doubt but that the court had substantially given the rule correctly ; but the court proceeded further to instruct the jury that if such a presumption was raised, and it was overcome and removed by the evidence in. the case, “then the burden of proof still rested upon the defendant, to maintain its defense of contributory negligence,by a preponderance of all the evidence in this case.”
Is it correct, that where such a presumption is raispd by the . plaintiff's evidence, the burden still rests upon the defendant to prove contributory negligence, if after considering all of the evidence in the case, the presumption of negligence is removed ? If it depended upon the plaintiff to remove that presumption, then she must have done it by evidence introduced by her, because the court did not mean that such presumption cast upon the plaintiff the burden of proving ordinary care on her part. To allow the jury to determine from. all of the evidence in the case whether The plaintiff had overcome and removed such presumption, would be consistent only with the idea that the burden of disapproving contribu- • tory negligence had been cast upon the plaintiff. The charge, ■ as given, either makes the removal of such presumption something less than the burden of proof of ordinary care on the part of the plaintiff; or, that the burden of proof upon that point shifts; and neither proposition can be sustained, in our opinion. The burden of proof, it is unnecessary to say, never shifts. Where it once rests upon a party, it rests always so far as the trial of the case is concerned. Upon the other- *325 proposition, that.the removal of this presumption, where it is raised by the plaintiff’s evidence, is anything less than the burden of proof upon the question of contributory negligence, is also a mistake. Where plaintiff is seeking to recover for injuries received through negligence of the defendant, the legal effect of certain facts in the plaintiff’s case, if they appear in his evidence, is to create a presumption that he was guilty of contributory negligence, and therefore he cannot recover until the legal effect of those facts are removed and overcome, by showing the existence of other facts sufficient to that end; and that means that the burden of proof, to remove and overcome the legal effect of those facts, i. e., that plaintiff was guilty of contributory negligence, rests upon the plaintiff,
The charge in the respect named, is not sustained, as claimed, by the holding in B. & O. R. R, Co. v. Whitacre, 35 Ohio St. 627. It is true that there may be some uncertainty in the syllabus of that case upon this question, that might, perhaps, when not carefully considered, lead the court into the belief that something less was meant than casting the burden of proof on the question of contributory negligence upon the plaintiff. That part of the syllabus is as follows: “But if plaintiff’s own testimony in support of his cause of action raises a presumption of such contributory negligence, the burden rests upon him to remove that presumption.’’ This may, if there is any uncertainty in it, be regarded as an unfortunate use of language, but, after all, there is no uncertainty in it. The meaning and effect of that holding is to throw the burden of proof upon the plaintiff to show he used ordinary care on the occasion in question.
In Robinson et al. v. Gary, 28 Ohio St. 20, Judge Day uses this language (which is quoted with approbation in the Whitacre case):
“It is only when the injury is shown by the plaintiff, and there is nothing that implies that his own negligence con *326 tributed to it, that the burden of proving contributory negligence can- properly be said to be cast on the defendant, for when the plaintiff’s own case raises the suspicion that his own negligence contributed to the injury, the presumption of ■due care on his part is so far removed that he cannot prop■erly be relieved from disproving his own contributory negligence, by casting the burden of proving it on the defendant. ’ ’
A more particular examination of the case of the B. & O. R. R. Co. v. Whitacre, will show what was meant by the language used in the syllabus. Judge Johnson, in the opinion, recited some of the evidence in the case to show that Whitrace lived, for very many years, near to the crossing in question, and that when he drove across the track he paid no attention whatever to ascertain whether there was a train approaching or not, and then said:
“This being the proof, the settled law of this state will defeat a recovery, unless the jury were warranted in finding that there was a reasonable excuse for a failure to use the ordinary precautions of a prudent man. * * * The defendant’s first request was to charge that the plaintiff,in order to maintain his action, must establish, that there was no want of ordinary care on the part of Mr. Whitacre, contributing to the accident. * * * Which charge the court refused to give, to which refusal the defendant excepted. Upon this point the court charged: ‘If negligence on the part of the defendant be shown by the testimony, still the plaintiff cannot recover, of there be absence of reasonable care and caution on his part; but it is not incumbent upon the plaintiff in the first instance, to prove such care and caution, or to disprove contributory negligence on his part; and if such want of reasonable care and caution as will amount to contributory negligence be not shown by the plaintiff’s testimony, then it devolves upon the defendant to show such want of care and caution on the part of the plaintiff.’ * * * In this case, the charge given, and the refusal to charge, were calculated to mislead, as to the burden of proof, and was incorrect, upon a state of facts which the jury might well have found to exist.
“The plaintiff’s testimony, as well as that of the defendant, tended to show that he was guilty of contributory neg *327 ligence, and the jury may well have found such to be the fact.
“The rule is, that where, upon the evidence adduced by the plaintiff, it appears that his own want of care contributed to his injury, the burden is upon him to remove the presumption thus raised; but, if this does not appear, the burden is upon the defendant to establish such negligence.
“The charge given, that it was not incumbent on the plaintiff, in the first instance, to prove care and caution on his part, is correct, when his own evidence does not raise a presumption against him; but not so if he does.
“If plaintiff’s own evidence raised such a presumption against him as would defeat his recovery, then the request of defendant that plaintiff must establish ordinary care on his part, was correct, and should have been given to the jury as the rule, if they found such presumption was created. * * * The exact question presented upon the evidence was: Where was the burden of proof? If the jury should be of the opinion that the plaintiff’s own evidence raised the presumption of his want of care, which contributed to his own injury, then the burden was upon him, and the defendants request should have been given, otherwise the ordinary presumption of due care will prevail.”
It is evident, therefore, that the court regarded the words, “the burden rests upon him to remove that presumption,” and “the burden of proof is upon him to prove ordinary care on his part,” as equivalent expressions, as they are in fact, because such presumption can be removed only by showing that he was not guity of contributory negligence.
Again, on the question of presumptions on general principles. In the case of Silvus v. The State, 22 Ohio St. 90, the question of presumptions, and what is necessary for a party to do to overcome them, is well stated by White, J., page 98: “The only question, therefore, is, whether the law devolved upon him the burden of showing the existence of the circumstances ncessary to constitute a justification or excuse. ”
*328 After referring to a number of cases upon this proposition, page 100, the judge says: “True, in the foregoing cases, the question was on reducing the homicide from a higher to a lower grade. But if the-burden is on the defendant to show circumstances of mitigation, a fortiori, is the burden on him to show the circumstances to wholly excuse the act. ”
Then again, page 101, after citing other decisions upon the proposition, he says: “The principle of these decisions is that, in judicial investigation, facts legally presumed are, until rebutted, as effectual as facts proved, and where a party claims to control the legal effect of facts, by the alleged existence of other facts, the burden is on him to show a preponderance of evidence in favor of the existence of the latter. ”
The principle applies to,the case at bar. If the legal effect of the facts shown in the plaintiff’s testimony created a presumption of negligence on her part, the burden was on her to show, by a preponderance of evidence, the existence of other facts to control and wholly remove such presumption —to disprove contributory negligence. The rule we are considering is an unfortunate one at best, — leaving it to a jury to determine upon which party the burden of proof is cast; and so that neither party in the case may ever know upon whom was the burden cast, and, consequently, depriving the losing party of the benefit of an exception to it, in case it was erroneously decided; and we ought not to fritter it away, to separate it into fragments, and divide it, as a hair, upon the north and northwest side,making it still more objectionable and unfortunate, but should maintain it in its integrity, and when, in such a case, the burden is cast upon the plaintiff, it should apply to and cover the whole question involved, and rest upon him to the end.
Another error assigned, is in regard to the charge of the court upon the claim that no notice was given to the plaintiff below that the train was about to start.
*329 The court told the jury that the plaintiff alleged, “that said agents omitted to stop the train a sufficient length of time to allow the plaintiff to pass from her seat to the platform station 'in safety, and while she was in the act of stepping from the lower step of said car, while it was standing still, said agents in charge of the train, without giving any notice or warning that they were about to start the train, suddenly started it up rapidly, and thereby threw the plaintiff on the platform at the station, and the car hit her as it passed.” Thereupon, the court instructed the jury as follows:
“ It was the duty of the defendant to stop its train long enough, or for a sufficient length of time, to allow the plaintiff, and all other passengers on said train, and in the coach in which the plaintiff was riding, to pass from their seats to the platform 'of the station, who desired to stop at Bellevue, before it started its train; and it was also its duty to give notice and warning, before it did start the train, that it was about to start it.”
Of course, the question of negligence is not a general one, in any given case. It is one which has special reference to the relations of the parties litigant, plaintiff and defendant. Negligence consists generally either in an omission to perform an act, which it is the duty of the defendant to perform for the benefit of the plaintiff, or, in conducting a business or enterprise, or performing an act, without exercising that degree of . care which the law required the defendant to exercise for the safety of the plaintiff. That duty must arise either out .of an obligation of law, or of contract. It rests upon one or the other. Therefore, whether such duty is cast upon the defendant is a question of law. It is for the court to say whether such duty, is cast upon the defendant, and in this instance the court instructed the jury that it was the duty of the defendant to give notice to the plaintiff that it was about to start the train. While it is the'duty of the court to declare whether the obligation rests upon the party, yet it may also involve a question of fact, because such duty would under certain cir *330 cumstances rest upon the party, while if those circumstances were absent, it would not. Therefore, it often becomes a question'of fact for the jury, to determine, under proper instructions from the court, whether those circumstances did actually exist, so as to cast the alleged duty upon the defendant. The question then recurs: WaS there any duty, either of law or. contract, resting upon the defendant in this case, to notify the plaintiff that the train was about to start? The court declared to the jury that there was; that that duty was cast upon the defendant, and if it neglected it, and that was the sole cause of injury to the plaintiff, she would be entitled to recover. Was that correct? The circumstances were as I have stated. The plaintiff was to get off at Bellevue — that, for the purposes of this case, was her destination. What duty rested upon the defendant in order that she should safely alighf ? That some duty devolved upon the defendant is certain, but such duty may be essentially different from the duty due to parties who were not alighting, but who were there at the station to get on board of the train. As to such persons, who stand in the relation to the defendant of persons who are just becoming passengers, and who were to go upon that train at Bellevue station, there would perhaps be an obligation on the part of the defendant to notify them that the train was about to start; but we are at a loss to conceive how any duty could rest upon the defendant, as a general proposition, to notify a passenger who was to get off, that the train was about to start. The duty due the plaintiff was to give notice that the train had arrived at her destination — that it had arrived at Bellevue station, where she was to get off, and then to afford her reasonable time to get off, and if it should be necessary, to afford her resonable assistance in alighting safely; but if she had received such notice, of knew that the train had arrived at Bellevue, and was allowed a reasonable time thereafter to get off, that the defendant should also notify her that the train was about to leave that station, without any qualification, we think is a mistake. We can conceive circumstances where it would be • necessary, *331 perhaps, for the' defendant to give such notice. If it had not announced the arrival of the train at Bellevue, and the plaintiff did not have a reasonable time to alight after becoming aware of its arrival there, or, if the servants of the defendant in charge of the train saw that she was in the act of alighting, the duty to give such notice might be cast upon the defendant; but no circumstances of that character were attached to this charge, as a qualification. It is absolute in its terms, that that duty was cast upon the defendant, and if it failed to perform that duty, and did not notify her that the train was about to start, and that injured her, without any contributory negligence on her part, she should recover.
J. B. Burrows and Theodore Hall, for plaintiff.
Allen, and Hoyt & Munsell, for defendant.
The plaintiff testified that she saw it was Bellevue as the train stopped, and she and her friend at once started to get off; that it was after dark; that as she felt her way with one foot while on the last step of the car, her foot slipped along the platform of the station, and that she then knew the train was moving, that it suddenly started up rapidly and she fell or was thrown down, but there was no evidence that any of the trainmen saw her in the act of getting off, and nothing to show that the defendant’s servants were guilty of starting the train when they saw her in peril; but there was evidence from which the jury might infer that notice had not been given of the arrival of the train at Bellevue, that reasonable time to alight had not been given, and that the servants of the defendant were absent from their posts, but there was no qualification of any character to this charge. It was simple and absolute, that it was the duty of the servants of the defendant to give her notice of the starting of the train, and we think the learned judge below made a mistake in this respect; and for these two errors, the case may be reversed, and remanded for retrial.